UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL B. BUSH,<br><br>                    Plaintiff,<br><br>        v.<br><br>E. BORLA, et al.,<br><br>                    Defendants. | Case No.  5:22-cv-00734 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSOTIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by prison officials at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 17. Plaintiff filed an amended complaint. Dkt. No. 20.

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Caifornia Dep't of Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633.

## II.   Plaintiff's Claims

Plaintiff is suing the following Defendants at SVSP: Associate Warden E. Borla, Capt. M. Wade, Lt. J. Antonio, Lt. E. McCay, Sgt. G. Vega (Facility Yard Officer), and Correctional Officer II V. Lizaola. Dkt. No. 20 at 1, 7-9.

Plaintiff is suing Defendants for violations stemming from an allegedly unfounded accusation of sexual assault by a transgender inmate on or about September 23, 2021, for which Plaintiff was confined in administrative segregation (ad-seg) for 72 days without due process. Id. at 14-15. Plaintiff claims Defendants Wade, Lizaola, Vega, Antonio, and McCay conspired and caused him injury "with willful indifference and reckless disregard" when they confined him in solitary confinement for 72 days without due process, in conditions that amounted to "extreme torture to his psychological mental state of mind." Id. at 27, 28. Plaintiff claims Defendant Borla, Wade and Lizaola violated due process in

2

connection with his ad-seg placement and retention. Id. at 27. Plaintiff also claims Defendants Antonio and McCay injured him by making public a "libelous" lock up order that exposed him to public hatred for the unfounded accusation. Id. at 28. Plaintiff claims Defendants Borla, Wade, and Lizaola's conduct was so arbitrary and outrageous that he is entitled to compensation for emotional distress and embarrassment, i.e., intentional infliction of emotional distress. Id. at 29. Lastly, Plaintiff also claims his right to equal protection was violated. Id. Plaintiff seeks declaratory and injunctive relief, and damages, including punitive. Id. at 30.

As with the original complaint, the Court finds the allegations in the amended complaint are sufficient to state a due process claim against Defendants Borla, Wade, and Lizaola for the prolonged retention in ad-seg without due process. See Sandin v. Conner, 515 U.S. 472, 484 (1995). The allegations are also sufficient to state an IIED claim against Defendants Borla, Wade, and Lizaola.

Plaintiff's original complaint was dismissed with leave to amend deficiencies with respect to the following claims: (1) an equal protection claim against all Defendants; (2) a conspiracy claim against Defendant Borla; (3) a First Amendment retaliation claim against Defendant Mojica; (4) a state claim for defamation; and (5) a damages claim for emotional distress with physical injury. Dkt. No. 17 at 11.[1] The Court discusses whether Plaintiff perfected these claims in the amended complaint below.

**III.   Analysis**

    **A.   Equal Protection Claim**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of

---

[1] In the conclusion of the screening order, the Court indicated that Plaintiff was to amend an IIED claim against Defendants Borla, Wade, Lizaola, and Vega. Dkt. No. 17 at 11, ¶ 3. However, this was inconsistent with the Court's discussion earlier in the order, which stated that the allegations were sufficient to state an IIED claim against these Defendants, but not against Defendants Antonio and McCay. Id. at 7-8. However, in the amended complaint, Plaintiff did not include Defendant Vega in this claim. Dkt. No. 20 at 6.

Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class. Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003); see also Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed); Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that "class of one" claim requires only that action be irrational and arbitrary, rather than requiring discriminatory intent).

Plaintiff alleges that he did not deserve to be treated differently "from others similarly situated accused by transgender inmates falsely opposed to inmates who have release dates verses a lifer who[se] hands are bound by the mercy of the parole board unlike the transgender inmates that nothing happened to adverse for the false reporting." Dkt. No. 20 at 29.

The allegations in the amended complaint are again insufficient to state an equal protection claim. Plaintiff was advised that to state an equal protection claim as a "class of one," Plaintiff must show that he was treated differently from similarly situated prisoners. See Village of Willowbrook, 528 U.S. at 564-65. Here, his attempt to identify "similarly situated prisoners" who received different treatment from himself is again inadequate. He names "inmates who have release dates," "a lifer… [at] the mercy of the parole board," and "transgender inmates" who were not disciplined for their false reporting. But there is no explanation as to how his situation is similar to these different groups or how the treatment they received was disparate from what he received such that it could be said Defendants acted with discriminatory intent.

Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this claim must be dismissed for failure to state a claim.

### B. Conspiracy Claim

In the original complaint, Plaintiff claimed that Defendant Lizaola alone willfully participated in a conspiracy to violate his constitutional rights. Dkt. No. 17 at 8. Plaintiff was granted leave to attempt to name Defendant Lizaola's coconspirators, allege sufficient facts to show a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement, and identify the specific constitutional right which they conspired to violate. Id. at 9.

In the amended complaint, Plaintiff claims Defendants Wade, Lizaola, Vega, Antonio, and McCay "were in association in fact sharing a common purpose in unity and identifiable in a pecking order structure." Dkt. No. 20 at 27. He also claims Defendants Borla, Wade, Lizaola, Vega, and McCay were willing participants in a conspiracy to violate his right to equal protection. Id. at 28.

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. Id. Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Id. Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connection to the violation. Id.

1   Plaintiff has already stated a cognizable due process claim and IIED claim against
2   Defendants Borla, Wade, and Lizaola. See supra at 3.  Accordingly, a conspiracy claim
3   against these three defendants is superfluous.  Through this allegation of conspiracy,
4   Plaintiff is attempting to enlarge the pool of responsible defendants to Defendants Vega,
5   Antonio and McCay.  However, Plaintiff has failed to demonstrate their casual connection
6   to the violation of his right to due process.  Defendant Vega allegedly told Plaintiff that the
7   allegations were false.  Dkt. No. 20 at 14.  There is no allegation that Defendant Vega was
8   thereafter involved in the decision to retain Plaintiff in ad-seg.  Furthermore, Defendants
9   Antonio and McCay were only responsible for delivering the lock-up orders for Plaintiff's
10  placement in ad-seg.  Dkt. No. 20 at 13.  There are no allegations establishing their
11  involvement in his continued retention in the ad-seg.  Other than his conclusory allegation
12  that they were involved in a conspiracy, there is no factual allegation establishing that they
13  had a meeting of the minds with the responsible parties, i.e., Defendants Borla, Wade, and
14  Lizaola.  Accordingly, Plaintiff fails to state a conspiracy claim against Defendants Vega,
15  Antonio and McCay.

16  Plaintiff was already afforded one opportunity to amend this claim, and the Court
17  finds no good cause to grant him another opportunity.  Wagh, 363 F.3d at 830; Ferdik, 963
18  F.2d at 1261.  Accordingly, the conspiracy claim must be dismissed for failure to state a
19  claim against Defendants Vega, Antonio, and McCay.

20   **C.   First Amendment Claim Against Defendant Mojica**

21  Plaintiff has not included Defendant Mojica or any claim involving retaliation in the
22  amended complaint.  Accordingly, this Defendant and the claim against him are no longer
23  a part of this action.  See Ferdik, 963 F.2d at 1262.

24   **D.   Defamation**

25  Plaintiff was granted leave to attempt to state a defamation claim under state law.
26  Dkt. No. 17 at 10, citing Cal. Civ. Code §§ 45, 46.  He attempts to do so against
27  Defendants Antonio and McCay, whom he accuses of making public the lock-up order that
28  caused "slanderous and defamated [*sic*] remarks" that exposed him to public hatred.  Dkt.

6

No. 20 at 28. It appears that Plaintiff draws this conclusion from overhearing Sgt. Gonzales, a nonparty, state to other officers that Plaintiff was a "predator and rapist" from reading Plaintiff's lock-up order. Dkt. No. 20 at 16. However, Plaintiff fails to explain how Sgt. Gonzales knowing the contents of the lock-up order amounts to defamation on the part of Defendants Antonio and McCay. There is no allegation that Defendants were the ones who made the contents known to Sgt. Gonzales, and furthermore, that they did so knowing that the contents were false.

Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity. Wagh, 363 F.3d at 830; Ferdik, 963 F.2d at 1261. Accordingly, the defamation claim must be dismissed for failure to state a claim against Defendants Antonio and McCay.

### E. Damages for Emotional Distress

Plaintiff again seeks compensation for "emotional distress and embarrassment." Dkt. No. 20 at 30. Although plaintiffs generally may recover damages for pain and suffering and mental and emotional distress that results from constitutional violations, see Carey v. Piphus, 435 U.S. 257, 264 (1978); Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988), the Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury. 42 U.S.C. § 1997e(e). Plaintiff alleges that he suffered "extreme torture to his psychological mental state of mind," but there are again no allegations of physical injury.

Plaintiff was already afforded one opportunity to amend this claim, and the Court finds no good cause to grant him another opportunity. Wagh, 363 F.3d at 830; Ferdik, 963 F.2d at 1261. Accordingly, this damages claim for emotional distress is dismissed for failure to state a claim.

///

///

///

7

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The following claims are **DISMISSED** for failure to state a claim: (1) equal protection claim against all Defendants; (2) conspiracy claim against Defendants Vega, Antonio, and McCay; (3) state defamation claim against Defendants Antonio and McCay; and (4) damages claim for emotional distress.

2. The following claims are cognizable: (1) due process claims against Defendants Borla, Wade and Lizaola for the prolonged retention in ad-seg without due process; and (2) state law claim for IIED against Defendants Borla, Wade, and Lizaola.

The Clerk shall terminate the following Defendants from this action: Lt. J. Antonio, Lt. E. McCay, and Sgt. G. Vega.

3. The following defendants shall be served at Salinas Valley State Prison:

    a. **Associate Warden E. Borla**

    b. **Capt. M. Wade**

    c. **Correctional Officer J. Antonio**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the amended complaint, and any attachments thereto, Dkt. No. 20, a copy of this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are

waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  January 5, 2023

EDWARD J. DAVILA
United States District Judge